UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KHVICHA MICHITASHVILI,

Plaintiff,

-against-

TEMEL AMINZIO IVEY,
LIEDTKA LOGISTICS LLC,
and AMENZIO TRANSPORT LLC,

Defendants.
------------------------------------------------------------------x

REPORT & RECOMMENDATION

No. 26-CV-2807-RPK-JRC

JAMES R. CHO, United States Magistrate Judge:

On May 11, 2026, defendants Amenzio Transport LLC, Temel Aminzio Ivey, and Liedtka Logistics LLC (collectively, "defendants") filed a notice of removal from New York Supreme Court, Kings County, based on diversity jurisdiction. *See* Notice of Removal ("Notice"), Dkt. 1. On May 13, 2026, this Court directed defendants to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. *See* Order to Show Cause dated May 13, 2026. Because their Notice of Removal suffers from certain defects as discussed below, this Court recommends remanding this action *sua sponte* to state court for lack of jurisdiction.

## DISCUSSION

### I. Subject Matter Jurisdiction

Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for lack of subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643–44 (2d Cir. 1993); 28 U.S.C. § 1447(c). The party seeking removal to federal court bears the burden of

establishing that the requirements for diversity jurisdiction have been met. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994).

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after the defendant has received a copy of the complaint or another document "from which it may first be ascertained" that the action is removable. *See* 28 U.S.C. § 1446(b). In the instant action, the complaint (which was served on defendants on April 23 and 27, 2026) does not contain an ad damnum clause. *See* Compl. ("Compl."), Dkt. 1-1. Rather, the Complaint alleges that plaintiff seeks damages in an amount "which exceeds the jurisdictional limits of all lower courts." *Id.* ¶ 76.

In this Circuit, a case filed in state court does not become removable "until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam); *see Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) (stating that the Second Circuit "dr[ew] a bright line rule requiring service of a document explicitly stating the amount in controversy to trigger the 30-day period in 28 U.S.C. § 1446(b)"). Defendants' Notice of Removal merely states that it is defendants' "understanding" that damages "are in excess of $75,000" because plaintiff alleges severe injuries. Notice ¶ 9. Plaintiff's boilerplate allegations concerning his injuries do not establish that the amount in controversy suffices to support diversity jurisdiction. *See Remy v. Savoie*, No. 17-CV-00663, 2017 WL 639251, at *3 (E.D.N.Y. Feb. 16, 2017); *Walker v. Rodgers*, No. 15-CV-07376, 2016 WL 236223, at *2 & n.2 (E.D.N.Y. Jan. 19, 2016). Similarly, the allegation that plaintiff has been damaged in an amount that exceeds "the jurisdictional limits of all lower courts," Compl. ¶ 76, does not satisfy the monetary

threshold for diversity jurisdiction, since the jurisdictional limitation of the lower civil courts of New York is $50,000. *See Diallo v. Puerta*, No. 23-CV-9452, 2024 WL 640066, at *3 (E.D.N.Y. Feb. 15, 2024) ("reference to 'lower courts' . . . refers to the lower civil courts of New York, which may not entertain actions seeking to recover more than $50,000, as opposed to federal district courts."). Defendants' response to the Court's Order to Show Cause, Dkt. 11, does not adequately demonstrate that the amount in controversy in this case exceeds $75,000. Instead, defendants ask "that any ruling on the amount in controversy be held in abeyance until such time as the parties serve their initial disclosures." Dkt. 11 at 3. Defendants are correct that in New York, personal injury plaintiffs are not permitted to plead a specific amount of damages in their complaints. *See* N.Y. C.P.L.R. § 3017(c). However, in New York personal injury cases, "C.P.L.R. § 3017(c) also permits a defendant to serve a demand on a plaintiff to state the amount in controversy." *Sabino v. Otis Elevator Co.*, 548 F. Supp. 3d 311, 312 (E.D.N.Y. 2021). The Second Circuit has held that a defendant's 30-day time period to remove does not begin to run "until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner*, 624 F.3d at 38. After a defendant serves a C.P.L.R. § 3017(c) demand, a court will not have to guess whether there is $75,000 or more in controversy. *Sabino*, 548 F. Supp. 3d at 312. A defendant may then remove a case within 30 days of receiving a response that shows the $75,000 jurisdictional minimum is met. *Id.*

Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273–74. As defendants have failed to satisfy their burden in this regard, the Court lacks subject

matter jurisdiction over this action. *See Faktorovich v. Fleet Car Lease, Inc.*, No. 17-CV-1824, 2017 WL 1331264, at *2–3 (E.D.N.Y. Apr. 10, 2017); *Feder v. Costco Wholesale Corp.*, No. 17-CV-3708, 2017 WL 2992490, at *2 (E.D.N.Y. July 14, 2017); *Walker*, 2016 WL 236223, at *2.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends remanding this action *sua sponte* to the Supreme Court of New York, Kings County, for lack of jurisdiction.

Any objections to the recommendations made in this Report must be filed with the Honorable Rachel P. Kovner within 14 days after the filing of this Report and Recommendation and, in any event, on or before **August 7, 2026**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (discussing waiver under the former ten-day limit).

A copy of this Report and Recommendation is being electronically served on counsel.

**SO ORDERED**

Dated: Brooklyn, New York
July 24, 2026

s/ James R. Cho
James R. Cho
United States Magistrate Judge